**WONG SHO GING, Appellant,**

v.

**Herbert BROWNELL, Jr., United States Attorney General, Appellee.**

**No. 13774.**

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1955.

See, also, 212 F.2d 284.

Benjamin W. Henderson, Los Angeles, Cal., for appellant

Laughlin E. Waters, U.S. Atty., Max F. Deutz, Lelia F. Bulgrin, Asst. U.S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE, and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

The action which resulted in the judgment here on appeal was originally filed naming James P. McGranery, United States Attorney General, as defendant, and Mr. Brownell was subsequently substituted in the stead of Mr. McGranery whom he succeeded in office.

Wong Sho Ging sought through the provisions of § 503 of the Nationality Act of 1940, § 903 of Title 8 U.S.C.A.,* to have the district court declare that he was a citizen and national of the United States. He alleges that he was born in December of 1919, in China of a Chinese mother, Jew Shee (so referred to in the evidence), and Wong Bing Gow, a native citizen of the United States, of Chinese descent. The district court found that the plaintiff Ging had not established that he was the blood son of Wong Bing Gow and the issue on that point is the sole issue of this appeal.

Wong Bing Gow was in China from 1892 to 1905, and was married to Jew Shee in 1916. In 1917 a son who was given the name Wong Wing Gock was born to the pair. In 1919 Wong Bing Gow returned to the United States and he testified that his wife was pregnant at the time and that she gave birth to another son in December of 1919, and it is claimed that the plaintiff-appellant here is that person. Wong Bing Gow never saw the appellant until he arrived in the United States in 1951, when appellant was thirty-four years of age. Appellant was formerly denied admission as the son of Wong Bing Gow, through an immigration hearing.

At the trial of the instant case, the alleged father testified that he had sent support money through the years and sent money for his passage to the United States. No letters or other documentary

* Now 8 U.S.C.A. § 1503.

proof was offered to confirm the sending of support money or confirming the alleged fact that appellant was in fact Wong Bing Gow's son. The court, however, at the close of the testimony, specifically and correctly refers to the evidence and comments thereon in the following manner:

"* * * [W]e don't have anything here, I think, that the court can rely upon. We have got the statement of the [alleged] father. As far as this being his child, I think the court can't rely upon it, because he didn't see the boy until he was 30-odd years of age. * * * And the [alleged] brother's testimony, I don't think is convincing. I can't take the brother's testimony that this applicant is the son of this particular [man] father. So all we have got left is the testimony of two residents of the village who said that they saw this boy with the mama and with the grandma, not in the home, but along the streets and the market place. I don't think that is enough to establish paternity. * * I don't think there is any question that there were two children born to this particular woman. But here is the situation. * * * A lot of things can happen in 30 years * * *."

Here, after listening to all the evidence offered including that of the alleged brother, the court finds himself in such doubt that he cannot hold that appellant has sustained his burden in proving that he is the son of the alleged father Wong Bing Gow. Let us look at testimony of the alleged brother. He testified at the immigration hearing which resulted in appellant's being denied entry into the United States as a citizen. There was something peculiar about the situation, in that the alleged brother was not produced in court at the hearing of the instant case until the court required it. No party to the action was willing to present this person as a witness, so the court called him. The appellee then read question after question which had been propounded to him during the immigration hearing together with the witness's answers and in that manner significant inconsistencies in the testimony developed. Repeatedly the witness said he had been mistaken in his answers at the immigration hearings. All in all, there was good reason for the court's skepticism as to the claim that appellant is, in fact, the same person who was the second son born to Wong Bing Gow and Jew Shee.

We come from a study of the whole case with an abiding doubt as to whether appellant is in fact the person who was born to Wong Bing Gow and his wife Jew Shee, as claimed, rather than "with the definite and firm conviction that a mistake has been committed." United States v. U. S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746.

Affirmed.